FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★ DEC 0 1 2011, ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charles Thomas | ) SUMMONS ISSUED |
| Plaintiff, | ) |
| | ) CV 11 5844 |
| v. | ) No. |
| | ) |
| Continental Service Group, Inc. , | ) CLASS ACTION COMPLAINT |
| Defendant. | ) |
| | ) JURY DEMANDED |

WEXLER, J
BOYLE, M

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1.     Plaintiff Charles Thomas ("Plaintiff" or "Thomas") files this Complaint seeking redress for the illegal practices of Defendant Continental Service Group, Inc. ("Defendant" or "Conserve"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq.

**Parties**

2.  Plaintiff Charles Thomas is a citizen of New York State who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

4.  The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services.

5.  The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for school tuition.

6.  Defendant  is regularly engaged in the collection of debts allegedly due to others.

7.  Defendant is a "debt collector," as defined by FDCPA § 1692a(6).


**Jurisdiction and Venue**

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

## Factual Allegations

12. Monroe Community College ("Monroe") alleges that Plaintiff owes them tuition.

13. Monroe hired Conserv to collect the debt.

14. On December 3, 2010 Conserv sent Plaintiff a letter falsely indicating that the letter came from Monroe. (Exhibit A)  The letter does not indicate that the letter is coming from a debt collector. The letter fails to provide the notice required by 15 USC 1692e(11) or 15 USC 1692g.

15. Exhibit A informs the Plaintiff that if the debt of $564.00 was not paid within 30 days, the debt was going to be transferred to Conserve.

16. This is a false and deceptive statement in that the debt was already being collected by Conserve.

17. Exhibit A falsely indicates that if Plaintiff did not pay $564.00 within 30 days that the Plaintiff was going to be responsible for collection costs in addition to the alleged debt.

18. On or about January 10, 2011, Defendant sent a letter to Defendant appearing on the letterhead of Conserve. (Exhibit B).

19. Exhibit B seeks to collect a total debt of $751.81.

20. Exhibit B indicates that the Plaintiff is now responsible for an additional $187.81 for "COLL. COSTS/FEES."

21. Upon information and belief, the "Coll/Cost/Fees" demanded by defendant was not incurred by Monroe or Conserve and was unearned, unreasonable,

3

unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by Monroe or Defendant for any goods or services supplied by Monroe and/or Defendant for any work performed by or on behalf of Monroe University and/or Defendant.

22. Upon information and belief, Defendant arbitrarily created the demand for an approximately 25% collection fee in an attempt to collect unearned fees, which Monroe had not incurred, and to simultaneously intimidate and scare Plaintiff into paying the so-called "Principal" out of fear that he would otherwise be liable for additional "Coll/Cost/Fees."

23. Exhibits A and B are form letters.

24. Upon information and belief, Defendant sends form letters containing language substantially similar or materially identical to that contained in Exhibit A and Exhibit B to hundreds of consumers in New York.

### Class Action Allegations

25. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A and/or Exhibit B violates the FDCPA.

      c.     The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (i.e., the class members), which is a matter capable of ministerial determination from the Defendants' records.

      d.     Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

      e.     Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

26. A class action is superior for the fair and efficient adjudication of the class members' claims.

27. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. See 15 U.S.C. § 1692k.

28. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing

addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A and /or Exhibit B; or (d) were sent a written communication demanding "Coll. Cost/Fees" of approximately 25% of the alleged "principal" balance that Defendant was attempting to collect; and (e) which was not returned by the postal service as undelivered.

32. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

Count I

Violations of the Fair Debt Collection Practices Act

33. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

The December 3, 2010 Letter

34. By sending Exhibit A, the Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(5), e(9), e(10), e(11), and §§1692 f and f(1).

35. By sending Exhibit A Defendant violated 15 U.S.C. § 1692e, e(9) and e(10), by falsely representing the source of the letter, and falsely indicating that the account had not yet been "outsourced" to a collection agency. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

36. By sending Exhibit A Defendant violated 15 U.S.C. § 1692e, e(5) and

6

e(10), by threatening to impose "collection costs" to the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

37. By sending <u>Exhibit A</u> Defendant violated 15 U.S.C. § 1692e, e(10) and e(11), by failing to provide the notices required by 15 USC 1692e(11), and failing to inform Plaintiff that the letter was from a debt collector.

### The January 10, 2011 letter

38. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(10), f, f(1), and g.

39. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10), by falsely representing the character, amount, and legal status of the alleged debt.  This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

40. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692e, e(2)(B), and e(10), by falsely representing services rendered and compensation which may be lawfully received by Defendant for the collection of the alleged debt.  This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

41. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

42. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt.  This is also an unfair and act under 15 U.S.C. § 1692f.

43. By sending <u>Exhibit B</u> and attempting to collect 25% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692e(5), by threatening to take an action that could not lawfully be taken. This is also an unfair and act under 15 U.S.C. § 1692f.

44. Defendant's violations of 15 U.S.C. §1692, et seq., render Defendant liable to Plaintiff and the Class.

45. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A)    Statutory damages as provided by § 1692k of the FDCPA;

(B)    Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D)    Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E)    Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.

Dated:West Islip, New York
        November 30, 2011

RESPECTFULLY SUBMITTED,

_____
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

9

# EXHIBIT A

Monroe Community College
1000 East Henrietta Road
Rochester, NY 14623



Monroe Community College
1000 East Henrietta Road
Rochester, NY 14623

December 3, 2010

1008                    A-01-4NE-AM-00219-2
CHARLES THOMAS
12 ELEANOR DR
MASSAPEQUA NY 11758-1004

FOR:         STUDENT ACCT BALANCE
Client ID:   M00731622
Acct #:      4567963

**TOTAL DUE:        $564.00**

Dear Charles Thomas:

This is a courtesy notice to inform you that your account with Monroe Community College listed above is overdue. We are contacting you one last time to encourage you to pay your account in full within the next thirty (30) days.

Your current balance is $564.00. Please contact our office at 585-292-2015 to take care of this apparent oversight. If you do not pay your account within the next thirty (30) days, Monroe Community College will be left with no other choice than to outsource the collection of your account to a collection agency. The collection agency we will use is ConServe.

If we have to use a collection agency to assist us in collecting your account, we will add collection costs to your account in accordance with the terms of your agreement with us.

Payment may be mailed to the address below or online at www.monroecc.edu during the next (30) days.

Please indicate your MCC ID Number with your payment.

Your attention to this matter is greatly appreciated.

Sincerely,

Monroe Community College

Remit payment to:   Monroe Community College
                    Student Accounts
                    1000 East Henrietta Road
                    Rochester, NY 14623

Phone:    585-292-2015

# EXHIBIT B

PO Box 239
Sanborn, NY 14132-0177




## ConServe

January 10, 2011

A Debt Collection Agency
200 CrossKeys Office Park
Fairport, NY 14450
866-518-0400          www.payconserve.com
585-421-1011          Web Access Code: 1.2277954.467

3003                    A-01-WQ1-AM-00678-4

CHARLES THOMAS
12 ELEANOR DR
MASSAPEQUA NY 11758-1004



| RE: | **MONROE COMM COLL** |
|---|---|
| FOR: | STUDENT ACCT BALANCE |
| Client ID: | M00731622 |
| Acct #: | 4609215 |

| PRINCIPAL: | $564.00 |
|---|---|
| INTEREST: | $0.00 |
| COLL. COST FEES: | $187.81 |
| **TOTAL DUE:** | **$751.81** |

Dear Charles Thomas:

MONROE COMM COLL has assigned your account to ConServe a professional Collection Agency for collections.

The unpaid balance above is due from you on this account. Unless you dispute the debt, please remit the entire amount above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Federal Law prohibits unfair collection practices.

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

## NOTICE:  SEE REVERSE SIDE FOR IMPORTANT INFORMATION

---
### PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

(____) Enclosed is my checking account information.      (____) Enclosed is my VISA, MASTERCARD, or DISCOVER #:

| If paying by ACH, please complete this section |
|---|
| _____ authorize ConServe to electronically debit my checking account for the total listed above |
| Bank Routing Number |
| Check Number | Date |
| Name of Bank |
| Authorized name on Check |

| If paying by Credit Card, please complete this section |
|---|
| CARD NUMBER | AMOUNT | CVW # 13 or 4 Digit code on Back of Card |
| SIGNATURE | EXP. DATE |
| CARDHOLDER NAME (Please Print) | Check Here if Cardholder address is the same as the address shown on this letter, if not, provide cardholder address on back of coupon |

Checking Account Number

Phone | Work Phone

Bank City, State

Signature



Account # 4609215