UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CHARLES THOMAS, on behalf of himself
and all others similarly situated,

                        Plaintiff,                        ORDER
  -against-                                                  CV 11-5844 (MKB)(ETB)

CONTINENTAL SERVICE GROUP, INC.,

                        Defendant.
-------------------------------------------------------------------------X

       The defendant's motion for reconsideration is granted and, on reconsideration, the Order dated March 6, 2013 is reinstated.

       Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.  See Ehrlich v. Inc. Village of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration is within the sound discretion of the district court.").  "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, at *1 (S.D.N.Y. May 7, 2007) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."  Dietrich v. Bauer, 76 F. Supp. 2d 312, 327 (S.D.N.Y. 1999); see also Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("This Court cannot merely consider the same arguments that were previously submitted."). Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted).

  The plaintiff's motion for sanctions contained in the motion dated January 4, 2013 remains unopposed. That is the motion which gave rise to the Order dated March 6, 2013. Moreover, while the defendant reports additional production of documents in response to plaintiff's January 4, 2013 motion, defendant also acknowledges that it has still not fully complied with that Order. Thus, the movant remains responsible for cost-shifting and has provided no facts or law that warrants a different result.

  Any application by plaintiff's counsel for costs, as noted in the Order dated March 6, 2013, shall be filed within fourteen (14) days. Opposition, if any, shall be filed within ten (10)

days thereafter.


**SO ORDERED:**

Dated: Central Islip, New York
       March 12, 2013

                                                   /s/ E. Thomas Boyle
                                                   E. THOMAS BOYLE
                                                   United States Magistrate Judge