## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

_____

CHARLES THOMAS,
on behalf of himself and all others similarly situated,      No. 11-CV-5844 (WDW)


       Plaintiff,

   -  against –

Continental Service Group, Inc.

       Defendant.
_____


## MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

Plaintiff CHARLES THOMAS (the "Class Representative"), respectfully request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Plaintiff states:

1.      The Plaintiff brought this action on behalf of himself and all others similarly situated alleging that Defendant mailed him debt collection letters that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 USC 1692 et seq.

2.      Counsel for Plaintiff and Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

3.      Based upon this review and analysis, Plaintiff and Defendant embarked upon and concluded comprehensive settlement discussions, including a settlement conference with

Magistrate Judge E. Thomas Boyle,  and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as **Exhibit "A".**

      4.      Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and agree that, for settlement purposes only, the following requirements are met:

      a.      The settlement class is sufficiently numerous such that joinder is impracticable.

      b.      There are questions of law and fact common to the settlement class that predominate over any questions affecting only individual members.

      c.      The settlement class representative has claims typical to the settlement class members.

      d.      The settlement class representative and her counsel are adequate representatives for the settlement class.

      e.      Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

      5.      Under the terms of the Class Action Settlement Agreement and subject to court approval:

      a.      Defendant must pay a total of **$58,000.00** as and for statutory damages under the Fair Debt Collection Practices Act. Each of the 1644 class members who do not opt-out shall receive $35.27. Any money remaining undistributed from this **$58,000.00** from class members who have opted out, or from un-cashed checks, shall be paid as a *cy pres* distribution to the Suffolk County Bar Association Pro Bono Foundation.

b.      In addition to the statutory damages, Defendants must pay certain actual damages to every class who paid collection costs to Defendant and does not opt out of the proposed settlement. There are a total of **410** such class members. Each of 410 class members who do not opt out shall receive 15.8% of the collection costs they paid within one year of the filing of this action through December 31, 2012.  The total actual damages to be paid, if no member opts outs, is **$12,000.00.** The names of each of these **410** class members and the respective collection costs that each paid within one year of the filing of this action through December 31, 2012 is itemized as a schedule to the Settlement Agreement attached hereto as **Exhibit A.**  The actual damages paid to each of these **410** class members shall be in addition to the **$35.27** in statutory damages that each shall receive. Any money remaining undistributed from this **$12,000.00** from class members who have opted out, or from un-cashed checks, shall be paid as a *cy pres* distribution to the Suffolk County Bar Association Pro Bono Foundation.

c.      Defendants must pay $5,000.00 to the Class Representative for his role in this litigation.

d.      Defendants must pay attorney fees and costs in the amount of $65,000.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

e.      Using First Class, Inc., 5410 W. Roosevelt Rd, Suite 222, Chicago, Illinois 60644-1479 as settlement administrator, Defendant must cause to be mailed by first class mail: (1) a Class Notice to each of the **1234** class members who will <u>not</u> receive an award for actual damages; (2) a Class Notice to each of the **410** class members who will receive an award for actual damages; and (3)  the settlement checks.

f.      Defendant must pay the costs of providing the Notices of Class Action and Claim Forms to each of the **1644** Class Members at their last known addresses using First Class Inc. as the Settlement Administrator. Defendant must pay the cost of distributing settlement checks to those Class Members who do not opt out of the settlement using First Class Inc.

6.      Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

7.      The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

8.      The Parties have agreed on the form of notices to be sent to the Class, attached as "**Exhibit B**" **and** "**Exhibit C**", via first class mail.  The Parties have agreed that no further notice to the Class is required.

9.      The Parties have agreed on the proposed preliminary approval order and final approval order, attached as **"Exhibit D"** and  **"Exhibit E"**,  respectively.

10.     WHEREFORE, the Parties respectfully request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed

Class Settlement Agreement; (3) directing the notices to be sent to the Class via first class mail;

and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil

Procedure 23(c)(2).


Respectfully submitted:


S/ JOSEPH MAURO                    8/5/2013
Joseph Mauro                       Date
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Attorney for Plaintiff


S/ BRIAN BROMBERG                  8/5/2013
Brian Bromberg                     Date
Bromberg Law Office, P.C.
40 Exchange Place Suite 2010
New York, NY 10005
Attorney for Plaintiff